UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX SINCHI and JUAN GUALLIAS, | |
| Plaintiffs, | **C**OMPLAINT |
| - against - | **ECF CASE** |
| MATEMPA CORP. and GIOVANNI MARMO, | **JURY TRIAL   DEMANDED** |
| Defendants. | |

Plaintiffs Felix Sinchi ("Sinchi") and Juan Guallias ("Guallias" and, collectively with Sinchi, "plaintiffs") by their attorneys Braverman Law PC, complaining of defendants Matempa Corp. ("Matempa Corp.") and Giovanni Marmo ("Marmo" and, collectively with Matempa Corp, the "defendants"), allege:

### NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").  This action is also brought to recover statutory damages as a result of defendants' failure to provide wage statements and annual wage notices pursuant to the NYLL and the Wage Theft Prevention Act.

2. Plaintiffs are former employees of Matempa Corp., a general contracting company with an office in Queens, New York.

3. Plaintiffs worked as general construction workers who, among other jobs, painted, installed sheet rock, installing flooring, and plastered, and cleaned workspaces.

4. Plaintiffs were consistently required to work in excess of forty hours per

week but were not paid at time and one-half for hours worked over forty.

5. Defendants failed to furnish plaintiffs with annual wage notices as required by the NYLL.

6. Defendants failed to furnish plaintiffs with wage statements as required by the NYLL.

7. Plaintiffs seek compensation for unpaid minimum and overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

8. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as defendant Matempa Corp. is located in the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

10. Plaintiffs both reside in Queens, New York.

11. Plaintiffs have both worked for defendant Marmo for many years. Plaintiff Guallias began his employment with defendant Marmo in approximately 2000, and plaintiff Sinchi began his employment with defendant Marmo in or around 2005. As discussed in further detail below, when plaintiffs were first hired by Marmo, the

corporate employer was Tempa General Contract Corp., a New York corporation ("Tempa Corp."). Plaintiffs became the employees of defendant Matempa Corp. in or around January 1, 2013.

12. Plaintiff Guallias quit on approximately March 10, 2016, and plaintiff Sinchi quit on approximately October 15, 2015

**Defendants**

13. When defendant Marmo first hired plaintiffs, he did so through Tempa Corp., which operated in Queens, New York as a general construction firm.

14. Upon information and belief, defendant Marmo was an owner and operator of Tempa Corp. until on or about January 1, 2013.

15. During his time at Tempa Corp., Marmo exercised sufficient control over Tempa Corp.'s operations to be considered plaintiffs' employer under the FLSA and NYLL.

16. Defendant Marmo exercised power over personnel decisions at Tempa Corp., including disciplining employees, interviewing candidates for employment, hiring and firing employees, and otherwise controlling the terms and conditions of their employment.

17. Upon information and belief, defendant Marmo owned Tempa Corp. along with another individual, Franco Colaruso. Upon information and belief, defendant Marmo and Mr. Colaruso had a business dispute around the end of 2012, as a result of which defendant Marmo formed Matempa Corp. and began operating it without Mr. Colaruso. Mr. Colaruso continued operating Tempa Corp. without

defendant Marmo's involvement.

18. Defendant Marmo caused the plaintiffs to become employed by Matempa Corp. on or around January 1, 2013.

19. Defendant Matempa Corp. had, upon information and belief, notice of the work conditions at Tempa Corp.

20. Both Matempa Corp. and Tempa Corp. engaged in substantially the same business (i.e., general contracting).

21. There was continuity of staff personnel between the two entities in that defendant Marmo was an owner of Tempa Corp. and Matempa Corp. and plaintiffs Sinchi and Guallias were both employees of Tempa Corp. and Matempa Corp (and under defendant Marmo's direct supervision throughout).

22. Upon information and belief, defendant Matempa Corp. is the successor of any liabilities of Tempa Corp. stemming from the latter's violations of the FLSA and NYLL.

23. Defendant Matempa Corp. is located at 12-01 37th Avenue, Long Island City, New York 11101.

24. Defendant Matempa Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25. Upon information and belief, Matempa Corp. has an annual gross volume of sales in excess of $500,000.

26. Defendant Marmo is and at all times relevant herein was an owner and operator of defendant Matempa Corp.

27. Defendant Marmo exercises sufficient control over Matempa Corp.'s operations to be considered plaintiffs' employer under the FLSA and NYLL.

28. At all relevant times, defendant Marmo has exercised power over personnel decisions at Matempa Corp., including disciplining employees, interviewing candidates for employment, hiring and firing employees, and otherwise controlling the terms and conditions of their employment.

## FACTUAL ALLEGATIONS

**Hours worked, and pay received, by plaintiffs**

29. Throughout their employment, plaintiffs Sinchi and Guallias were consistently required to work in excess of forty hours per workweek.

30. Plaintiffs Sinchi and Guallias each regularly worked from 7:00 a.m. to 5:00 p.m., with one half-hour break per day. They each worked this schedule for six days per week, totaling approximately fifty-seven hours per week per worker.

31. Their salaries were as follows: in 2009, each was paid approximately $690 per week; in 2010, each was paid approximately $720 per week; in 2011, each was paid approximately $750 per week; in 2012, each was paid approximately $800 per week; in 2013, each was paid approximately $840 per week; in 2014, each was paid approximately $900 per week; and in 2015 and 2015, the salary was $950 per week.

32. Defendants generally paid the plaintiffs partially in cash and partially via check.

33. Defendants did not compensate either plaintiff with overtime compensation at the rate of one and one half times the regular rate for all hours worked in excess of forty per workweek, as required by the FLSA and the NYLL.

34. Defendants failed to furnish plaintiffs Sinchi and Guallias with annual wage notices as required by the NYLL.

35. Defendants failed to furnish plaintiffs Sinchi and Guallias with accurate statements of wages, correctly reflecting all hours worked, rates paid, and gross wages, as required by the NYLL.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

36. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

37. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

38. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

39. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.* and the supporting federal regulations, apply to defendants.

40. Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the FLSA.

41. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to

comply with the FLSA with respect to the compensation of plaintiffs.

42. As a result of defendants' willful violations of the FLSA, plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

43. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

44. The NYLL requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

45. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

46. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to defendants.

47. Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the NYLL.

48. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs the minimum hourly wage.

49. As a result of defendants' violations of the NYLL, plaintiffs are entitled to

recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

50. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

51. Defendants were required to pay the plaintiffs one and one-half (1 ½) times their regular rates of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq*.

52. Defendants have failed to pay the plaintiffs the overtime wages to which they were entitled under the FLSA.

53. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages for all of the hours they worked in excess of forty in a workweek.

54. Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiffs' compensation.

55. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

56. Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM

**(New York Labor Law – Unpaid Overtime)**

57. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

58. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

59. Defendants have failed to pay plaintiffs the overtime wages to which they are entitled to under the NYLL.

60. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

61. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM**
**(New York Labor Law – Wage Theft Prevention Act)**

62. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

63. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year

of employment.

64. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

65. Throughout plaintiffs' employment with defendants, defendants paid plaintiffs without providing a wage statement accurately listing: the regular rate; overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

66. In violation of NYLL § 191, defendants failed to furnish to plaintiffs at the time of hiring, whenever there was a change to plaintiffs' rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

67. Defendants failed to furnish plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

68. Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

69. Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, respectfully request that this Court enter a judgment:

a. declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b. declaring that defendants violated the notice provisions of the NYLL and WTPA;

c. declaring that defendants' violations of the FLSA and NYLL were willful;

d. awarding plaintiffs unpaid overtime wages;

e. awarding plaintiffs liquidated damages in an amount equal to the total

amount of the wages found to be due, pursuant to the NYLL;

  f.  awarding plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

  g.  awarding plaintiffs liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

  h.  awarding plaintiffs pre- and post-judgment interest under the NYLL;

  i.  awarding plaintiffs' reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  j.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
    June 16, 2016

                   BRAVERMAN LAW PC

                By: _____
                   Adam Braverman
                   450 Seventh Ave., Suite 1308
                   New York, New York 10123
                   (212) 206-8166
                   adam@bravermanlawfirm.com

                   *Attorney for Plaintiffs*